### GEORGIA MAUSOLEUM COMPANY *v.* CITY OF DUBLIN.

PER CURIAM. The Georgia Mausoleum Company, a corporation, filed a petition to enjoin the enforcement of an execution issued against it by the City of Dublin for ad valorem tax for 1916, and levied upon

certain property alleged to belong to the plaintiff company; the property having been advertised for sale by the city marshal. A restraining order was granted, and upon the hearing the injunction was denied. To this ruling the plaintiff excepted. The facts set out in the petition were admitted as true, but certain conclusions of law alleged were denied. The admitted material facts are as follows: The City of Dublin conveyed a certain cemetery lot to the Georgia Mausoleum Company for the purpose of erecting thereon a mausoleum for the burial of the dead. The mausoleum was erected, and contained a large number of tombs or crypts, especially constructed for the receiving of dead bodies. It was intended that these crypts should be purchased by people of the community who desired to adopt that form of burial, and a large number of them were sold to named citizens. There are a number of tombs undisposed of, which are held by the plaintiff to be sold to those who may prefer this form of interment. These, however, have no value except for burial purposes, and can not be used for purposes of private or corporate profit or income. The mausoleum and the ground upon which it stands can be used for no other than burial purposes. The lot was purchased by the plaintiff from the City of Dublin, is located in Northview Cemetery, and the plaintiff owns no other property in the city. A purchaser of a crypt acquires the exclusive ownership and control of it, subject to the rules and regulations of the Northview Cemetery of Dublin, upon his payment in full therefor. The defendant denied the contentions alleged in two paragraphs of the petition, and this formed the sole issue in the case. These two paragraphs are as follows: "The petitioner shows that said property is exempt from taxation under the constitution and laws of the State of Georgia, as set forth in the provisions of paragraph 2, article 7 of the constitution, as found in section 6554 of the Code of Georgia, and the act of the legislature in pursuance thereof is found in section 998 of the Code of Georgia. By reason of said exemption the issuance of said execution and the levy thereof is wholly illegal and unauthorized by law and in violation of the article of the constitution above referred to, and the same are null and void and should be quashed and dismissed." *Held:*

1. Under the admitted facts the property was exempt from taxation under the constitution of this State. Civil Code (1910), § 6554.

2. While the private corporation was engaged in acquiring cemetery lots, and constructing mausoleums thereon for the purpose of pecuniary gain and profit to be derived from such business, the mausoleums, when constructed, were not used for purposes of private or corporate profit or income, but were used solely for the purpose of burying the dead. It is the use made of the property, and not the purchase and sale thereof, which determines the matter of taxation. See *Trustees* v. *Bohler*, 80 *Ga.* 159, 164 (7 S. E. 633); Metairie Cemetery Asso. *v.* Board of Assessors, 37 La. 32; 37 Cyc. 945, and note.

*Judgment reversed. All the Justices concur, except Atkinson and George, JJ., who dissent. Hill, J., concurs specially.*

No. 376.  FEBRUARY 15, 1918.

Petition for injunction. Before Judge Kent. Laurens superior court. April 30, 1917.

*Smith, Hammond & Smith* and *J. S. Adams,* for plaintiff.

*W. C. Davis,* for defendant.