392 Mass. 546 (1984)
466 N.E.2d 125
TOWN OF MATTAPOISETT
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]
Supreme Judicial Court of Massachusetts, Plymouth.
April 5, 1984.
July 18, 1984.
Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.
Margaret A. Ishihara for the plaintiff.
George J. Mahanna, Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.
LYNCH, J.
The town of Mattapoisett employed William Ramsey as a part-time police officer for two terms, September 30, 1980, to April 30, 1982. Ramsey's claim for unemployment compensation was granted by the Division of Employment Security on January 4, 1982, on the basis of a determination that he was partially unemployed. A hearing was held on February 8, 1982, at the request of the employer and the claim for benefits was affirmed by the review examiner. The employer applied for further review. G.L.c. 151A, § 41. The board of review denied the application for review and therefore the decision of the director became the final decision of the board of review. Id. A judge of the Wareham District Court upheld the board's decision and the employer appealed the case to this court. G.L.c. 151A, § 42. The record before us *547 includes the evidence presented to the review examiner, his subsidiary findings, and conclusions of law.
There is no material dispute concerning the facts. The claimant was hired as a part-time police officer. Under the terms of his employment contract he was to work whenever he was needed. The claimant understood that if no work was available in a given week he would not work. There were weeks when he worked up to seventy-two hours and other weeks when he did not work at all. The claimant did not refuse any work offered to him and always called to see if work was available. Based upon the foregoing, the examiner ruled that the claimant was entitled to part-time benefits within the meaning of G.L.c. 151A, § 29 (b).[2]
The plaintiff argues that because the claimant was hired as a part-time police officer with the understanding that his hours would be varied, he is not entitled to compensation even though he worked less than forty hours in certain weeks. The employer also argues that the decision of the review examiner results in an unconstitutional impairment of the employment contract between the claimant and the town and that the judge committed error in refusing to act on its request for rulings of law. We conclude that the review examiner misapplied G.L.c. 151A, § 29 (b), and we therefore reverse.
General Laws c. 151A, § 1 (r) (1), defines partial unemployment as any week of less than full-time scheduled work in which the employee earns less than the weekly benefit rate he would be entitled to if totally unemployed.[3] Section 1 (r) (2) *548 defines total unemployment as any week in which the employee performs no wage earning services and receives no remuneration even though he is capable of and available for work.[4] As interpreted by the review examiner, the statute would grant partial unemployment status to every part-time employee even though the contract of employment contemplated that the hours of work would fluctuate and that no work would be available at all in some weeks. There is no question that, if an employee is hired as a full-time employee and cut back to part-time employment, the department's interpretation of the statute would apply. We have said that the purpose of G.L.c. 151A, is to "`lighten the burden' of unemployment ... for those who are compelled to leave work through no `fault' of their own." Garfield v. Director of the Div. of Employment Sec., 377 Mass. 94, 96-97 (1979). Clearly that purpose is served when any one who is hired on a full-time basis is subsequently reduced to part-time status.
The result in the case before us is not so clearly discerned. In order for the claimant here to be eligible for benefits it must appear that in a given week he has "less than full-time weekly schedule of work." The review examiner found that "[i]n view of the fact that the claimant works less than the 40 hours for regular police officers at the convenience of the employer, therefore he is entitled to partial benefits within the meaning of section 29 (b) of the law." The review examiner apparently assumed that the statute required that he apply the same full-time weekly schedule of work to an employee hired to work only as a part-time employee as to one employed on a full-time basis. If this interpretation were correct, then all part-time employees, by definition, would be in partial unemployment status.
Such an interpretation does not further the legislative purpose of lightening the burden of unemployment, but rather imposes *549 an artificial definition of unemployment upon a part-time employment contract that may as well be for the convenience of the employee as for the employer. The town had employed part-time police officers for many years to fill in for absent regular officers. To characterize such employees as "partially unemployed" when both parties understood at the beginning of the employment relationship that the hours of employment were to be irregular and less than full time is to torture the plain meaning of the term. When the Legislature intended that an employee be considered partially unemployed even though the employment agreement provided otherwise, as in the case of unpaid vacations, it so provided. G.L.c. 151A, § 1 (r) (2). We conclude, therefore, that the Legislature did not intend a part-time employee whose hours vary from week to week to be considered in partial unemployment for any week in which he does not work as many hours as a full-time employee.
Judgment reversed.
NOTES
[1] William Ramsey, claimant.
[2] General Laws c. 151A, § 29 (b), as amended through St. 1980, c. 518, § 1, provides in pertinent part: "An individual in partial unemployment and otherwise eligible for benefits shall be paid the difference between his aggregate remuneration with respect to each week of partial unemployment and the weekly benefit rate to which he would have been entitled if totally unemployed."
[3] General Laws c. 151A, § 1 (r) (1), as amended through St. 1976, c. 473, § 2, provides in pertinent part: "An individual shall be deemed to be in partial unemployment if in any week of less than full-time weekly schedule of work he has earned or has received aggregate remuneration in an amount which is less than the weekly benefit rate to which he would be entitled if totally unemployed during said week...."
[4] General Laws c. 151A, § 1 (r) (2), as amended through St. 1976, c. 473, § 2, provides in pertinent part: "An individual shall be deemed to be in total unemployment in any week in which he performs no wage-earning services whatever, and for which he receives no remuneration, and in which, though capable of and available for work, he is unable to obtain any suitable work."