SUSAN EMERSON vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Plymouth. October 5, 1984. — November 19, 1984.

Present: WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Employment Security*, Eligibility for benefits, Partial unemployment, Voluntary unemployment.

A voluntary separation from part-time employment which followed a claimant's nondisqualifying separation from contemporaneous full-time employment did not render her ineligible for all unemployment benefits by reason of provisions in G. L. c. 151A, § 25 (*e*), that no benefits shall be paid until an individual has had at least four weeks of work and in each week has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his "work" voluntarily without good cause attributable to the employing unit. [352-353]

CIVIL ACTION commenced in the Brockton Division of the District Court Department on May 12, 1983.

The case was heard by *Paul E. Ryan*, J.

*Robin M. Ultcht*, Assistant Attorney General, for Director of the Division of Employment Security.

*James L. Frederick* for the claimant.

NOLAN, J. The Director of the Division of Employment Security (division) has appealed from an order of a District Court judge awarding partial unemployment compensation benefits to the claimant. The judge ruled that the decision of the hearing examiner, which was adopted by the division's board of review, was based on an error of law. The parties have stipulated "that the factual findings made in respondent Director's administrative decision of March 21, 1983 are supported by substantial evidence . . . and are not arbitrary and capricious within the provisions of M. G. L. ch. 30A, section 14." The

---

[1] Friendly Ice Cream Corporation.

sole issue on appeal is whether a voluntary separation from part-time employment which follows a nondisqualifying separation from contemporaneous full-time employment renders a claimant ineligible for all unemployment benefits. We hold that the claimant is not ineligible and we affirm the judgment of the District Court.

From May 24, 1982, until October 18, 1982, the claimant worked as a full-time secretary. In August, 1982, she had started part-time work as a waitress at a Friendly Ice Cream Corporation restaurant (Friendly). She was terminated from her secretarial job and, because she retained her part-time job as a waitress, was awarded partial unemployment compensation under G. L. c. 151A, § 29 (*b*). She continued to work at Friendly until December 4, 1982, when she quit. As a result of her voluntary termination from Friendly, her partial unemployment benefits were terminated.

The resolution of the question of eligibility turns on the meaning of the word "work" in G. L. c. 151A, § 25, as amended through St. 1982, c. 489, § 5, which provides in part that "no benefits shall be paid to an individual . . . (*e*) [f]or the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his *work* (1) voluntarily without good cause attributable to the employing unit" (emphasis supplied). We are without the aid of any case in Massachusetts in our quest for the interpretation of "work" in this statutory setting.

The division argues that the Legislature intended that "work" include all jobs, full-time and part-time, and that all work should be treated alike. It seems more reasonable, however, to accept the conclusion that the Legislature never considered the issue of contemporaneous jobs.

When faced with statutory opaqueness in the unemployment compensation law, we have construed it in such a way as to lighten the load of the unemployed worker. See *Roush* v. *Director of the Div. of Employment Sec.*, 377 Mass. 572, 575 (1979); *General Elec. Co.* v. *Director of the Div. of Employ-*

*ment Sec.*, 349 Mass. 207, 210-211 (1965). Indeed, the statute itself encourages this approach. G. L. c. 151A, § 74.

Our attention has been called to cases in other jurisdictions and, in all but one, the courts have gone in the direction which we follow today. See *Tomlin* v. *Unemployment Ins. Appeals Bd.*, 82 Cal. App. 3d 642 (1978); *Board of Review* v. *Rafeld*, [1971-1979 transfer binder] Unempl. Ins. Rep. (CCH) Ohio ¶ 9092 (Ohio Ct. of Common Pleas, Ashland County Feb. 8, 1977); *Unemployment Compensation Bd. of Review* v. *Fabric*, 24 Pa. Commw. 238, 242-243 (1976). In two cases, the contemporaneously employed claimants, unlike the claimant in the instant case, quit their part-time jobs but retained their full-time employment from which they were subsequently terminated on a basis which qualified them for benefits. See *Brown* v. *Labor & Indus. Relations Comm'n*, 577 S.W.2d 90 (Mo. App. 1978); *Wahl* v. *Chizek*, 7 Unempl. Ins. Rep. (CCH) Neb. par. 8158 (Neb. Dist. Ct. Nov. 15, 1979). Contra, *Bingham* v. *Department of Indus., Labor, & Human Relations*, 11 Unempl. Ins. Rep. (CCH) Wis. par. 8911 (Wis. Cir. Ct. Dane County July 18, 1977).

If we were still in doubt, we would be led to the interpretation which we have given to the statute by considering the harsh and counterproductive result which would follow from denying the claimant benefits. If accepted, the division's interpretation would mean that an unemployed worker would be disinclined to take part-time work and would prefer to remain idle and receive full benefits. The person who took a part-time job and received only partial unemployment benefits would lose even those benefits if he voluntarily left the job. The effect is to reward the idle and punish the ambitious. We shall not lend judicial approval to this result.

*Judgment affirmed.*