TOWN OF BOURNE vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] No. 87-76. December 9, 1987. *Employment Security, Eligibility for benefits, Partial unemployment.*

In September of 1985, Ann Marie Losapio placed her name on substitute teacher lists in several towns, including Bourne. Thereafter, she worked as a substitute teacher for the town of Bourne, although not exclusively. She worked only when needed, accepting all assignments offered, with the result being considerably less than full-time employment. In January of 1986, while still so employed, she filed a claim with the Division of Employment Security (DES) under G. L. c. 151A, § 29(*b*), for partial unemployment benefits. Bourne was notified of the claim, and its assistant superintendent of schools appeared and testified at the hearing before a DES review examiner. On the basis of the undisputed facts presented at the hearing as to the nature of Losapio's employment, the hearing examiner determined that Losapio was partially unemployed and entitled to unemployment compensation. The decision was affirmed without further hearing by the board of review of DES. Bourne sought review in the Barnstable District Court where the judge, relying on *Mattapoisett* v. *Director of Div. of Employment Security,* 392 Mass. 546 (1984), determined that since Losapio "was obviously a part-time, on call, fill-in teacher[,] . . . there was an obvious error of law." Losapio and DES appealed.

The District Court judge ruled correctly in favor of Bourne. In the *Mattapoisett* case, the Supreme Judicial Court held that a part-time police officer, hired to work irregular hours on a less than full-time basis as a fill-in for absent regular officers, was not entitled, while so employed, to unemployment compensation benefits from his part-time employer. The court pointed out that part-time employment might be advantageous to an employee as well as to an employer. If G. L. c. 151A, § 29(*b*), were interpreted to apply to such an employee, "all part-time employees, by definition, would be in partial unemployment status," and the legislative purpose of "lightening the burden of unemployment" would not be served. *Id.* at 548. It also would follow that employers would be discouraged from hiring part-time employees.

On appeal, Losapio and DES seek to distinguish the instant case from *Mattapoisett* by pointing to Losapio's earlier full-time employment as a teacher in Marlborough. Losapio testified at the hearing that she had been employed full-time as a teacher in Marlborough from November of 1982 until June of 1985. It is certainly true, as the court recognizes in *Mattapoisett* at 548, that a person separated from full-time employment in nondisqualifying circumstances may be eligible for partial unemployment benefits if subsequently employed part-time. This case, however, does not fall within that principle. Losapio made no claim against Marlborough and never, during the course of the proceedings before DES, advanced the contention

---

[1] Ann Marie Losapio.

that her separation from the Marlborough employment made her eligible for benefits. No evidence was presented at the hearing concerning the circumstances of Losapio's departure from her teaching position in Marlborough. Marlborough apparently was not notified of the claim or the hearing and, thus, did not appear to defend its interests.

*Emerson* v. *Director of the Div. of Employment Security,* 393 Mass. 351 (1984), on which Losapio and DES rely, is not applicable to the present facts. The claimant in that case was eligible for partial unemployment compensation based upon a nondisqualifying separation from full-time employment. Losapio, on the other hand, did not show, or even contend, that she left her Marlborough employment in nondisqualifying circumstances. Thus, there was no basis for holding Bourne, Losapio's subsequent part-time employer, responsible for partial unemployment compensation.

*Judgment affirmed.*

*Williams D. Luzier,* Assistant Attorney General, for Director of the Division of Employment Security.

*Robert Sweeney Troy,* Town Counsel, for the town of Bourne.

