A95A0715. CAMPBELL v. POYTHRESS.
(456 SE2d 110)

BLACKBURN, Judge.

We granted Greg Campbell's application for discretionary appeal to determine whether a substitute teacher is entitled to unemployment benefits under Georgia's Employment Security Law.

Greg Campbell was employed with the Atlanta Public Schools as a substitute teacher from November 1990 to October 1992. During his employment with the school system, he was called to work on an as-needed basis from a list of substitute teachers maintained by the school system. He was not guaranteed that he would be called to work and was only paid for the number of hours that he actually worked. On October 13, 1992, Campbell requested that Atlanta Public Schools remove his name from the list of authorized substitute teachers, and consequently, ended his employment with Atlanta Public Schools. Campbell did not work at all during the 1992-1993 school year.

Campbell initially applied for and received unemployment benefits effective January 12, 1992. After exhausting his regular benefits, he filed a claim for extended benefits and received additional unemployment benefits. Campbell reapplied for benefits in August 1992, and his claim for benefits was granted by the Georgia Department of Labor. This decision was affirmed by an administrative hearing officer following an administrative hearing. On appeal, the Board of Review reversed the decision of the administrative hearing officer, and denied

the claim for benefits for the period of August 23, 1992, to September 26, 1992, based upon a 1982 decision of the Board. The superior court affirmed the Board's decision, concluding that Campbell's part-time, spasmodic, and erratic employment was not the type of employment that the statute was intended to encourage. In reaching its conclusion, the court found Attorney General Opinion 77-45 persuasive.

Under this state's unemployment law, an individual is deemed unemployed "in any week during which the individual performs no services and with respect to which no wages are payable to him or her or in any week of less than full-time work if his or her deductible earnings do not equal or exceed his or her weekly benefit amount." OCGA § 34-8-47. The Georgia appellate courts have not interpreted the Employment Security Act in reference to substitute teachers. Although the Attorney General's opinion relied upon by the trial court is not binding on the appellate courts, *C. W. Matthews Contracting Co. v. Collins*, 214 Ga. App. 532 (448 SE2d 234) (1994), such an opinion can be considered as persuasive authority.

In Attorney General's Opinion 77-45, the Attorney General concluded that substitute teachers were ordinarily ineligible to receive unemployment benefits because of the intermittent nature of their employment. "[I]t would be rare if ever that such a teacher would be eligible to receive unemployment compensation during intervals between his periodic services *solely by virtue of his being a substitute teacher. . . .* The award of benefits for such deliberate part-time only work would indeed seem to be contrary to the basic purpose of the law — which is to enhance *stable* employment and lighten the burden of involuntary unemployment. [Cit.] The individual who of his own choice opts for part-time employment of a highly unstable nature would hardly appear to be *involuntarily* unemployed during the obviously contemplated intervals between calls." Id. at 78.

In *Palm Beach County School Bd. v. State of Fla. Unemployment Appeals Comm.*, 504 S2d 505 (Fla. App. 4th Dist. 1987), the District Court of Appeal of Florida, interpreting a statute which contained language similar to OCGA § 34-8-47, held that a substitute teacher was not unemployed for the purpose of determining her eligibility requirements for unemployment compensation where she had no obligation to work if called and was not promised any number of calls during a given time period. The court concluded that Florida's unemployment compensation law "is not designed to provide coverage to substitute workers who are called in from time to time as the need arises." Id. at 507-508.

Additionally, in *Town of Bourne v. Director &c. of Employment Security*, 515 NE2d 1205 (Mass.App.Ct. 1987), the Appeals Court of Massachusetts refused to award unemployment benefits to a substitute teacher who was employed part-time and only when needed. The

court relied on an earlier appellate decision, *Town of Mattapoisett v. Director &c. of Employment Security*, 466 NE2d 125 (Mass. 1984), recognizing that the legislative purpose of lightening the burden of unemployment would not be served by compensating such part-time employees. In *Mattapoisett*, the Supreme Judicial Court of Massachusetts reversed an award of benefits to a part-time police officer who worked only as needed. The Court concluded that the state's unemployment act did not apply to an employee whose contract of employment provided for irregular hours and less than full-time work. To characterize such employees as "partially unemployed" is "to torture the plain meaning of the term" and impose an artificial definition of unemployment. Id. at 127. Cf. *Scott County Reorganized School District v. Labor &c. of Mo.*, 703 SW2d 528 (Mo.App. 1985) ("This court does not believe it was the intention of the legislature to discourage substitute employment by requiring an employer to assume the burden of furnishing unemployment benefits for the period when the substitute employee is not at work.") Id. at 535. We find the decisions of our sister states and Attorney General Opinion 77-45 persuasive under the facts presented herein.

In light of the guidance provided by the above-cited decisions, we must conclude that the trial court did not err in affirming the decision of the Board of Review. Campbell was employed on an as-needed basis and was not guaranteed employment with the school system for a certain period of time. His employment with the school system was intermittent by nature and not the type of employment that Georgia's Employment Security Law was designed to encourage. Consequently, Campbell was not unemployed as defined by statute as a matter of law at the time that he filed his claim for unemployment benefits. Therefore, his claim for benefits was properly denied.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 23, 1995.

*Jessie R. Altman*, for appellant.
*Michael J. Bowers, Attorney General, Arrington & Hollowell, Bradley S. Wolff, W. Ray Persons*, for appellee.