A98A0653. DENNEY et al. v. COWETA COUNTY et al.
(502 SE2d 297)

ANDREWS, Chief Judge.

This is an appeal from the trial court's order finding that the Denneys' tractor was subject to ad valorem taxes as agricultural equipment. The Denneys argue on appeal that the trial court erred in determining that the tractor was not exempt personalty under OCGA § 48-5-42. For the reasons which follow, we agree and reverse the judgment.

Taxable property is defined under OCGA § 48-5-3 as follows: "All real property including, but not limited to, leaseholds, interests less than fee, and all personal property shall be liable to taxation and shall be taxed, except as otherwise provided by law. Liability of property for taxation shall not be affected by the individual or corporate character of the property owner or by the resident or nonresident status of the property owner." OCGA § 48-5-3.

Personalty is exempt under OCGA § 48-5-42 as follows: "All personal clothing and effects, household furniture, furnishings, equipment, appliances, and other personal property used within the home, if not held for sale, rental, or other commercial use, shall be exempt from all ad valorem taxation. All tools and implements of trade of manual laborers and all domestic animals shall be exempt from all ad valorem taxation in an amount not to exceed $300.00 in actual value for each of the two categories." OCGA § 48-5-42.

The facts in this case are undisputed. The tractor in question, a Kubota 2400 tractor, tiller and scraper valued at $11,000, is used solely for the Denneys' garden and lawn. The Denneys do not sell any produce raised in their garden, keeping it all for their own use. Nevertheless, the county argues the Department of Revenue classifies this tractor as taxable agricultural equipment under Ga. Department of Revenue Regulation 560-11-2-.20.

Although we have found no case law interpreting OCGA § 48-5-42, there is an Attorney General opinion interpreting the meaning of

"in the home" in a predecessor statute, Ga. Code Ann. § 92-239.[1] In that opinion, the Attorney General stated that "in the home" meant that the personal property must be used for the direct support of the members of the family and not as income-producing property. 1962 Op. Atty. Gen., pp. 506-507.[2]

We find the Attorney General's opinion persuasive in light of the facts in this case and in light of case law holding that in determining whether property is exempt from taxation, " '[i]t is the use made of the property . . . which determines the matter of taxation.' " *Alford v. Emory Univ.*, 216 Ga. 391, 398 (116 SE2d 596) (1960); *Ga. Mausoleum Co. v. City of Dublin*, 147 Ga. 652, 653 (95 SE 233) (1918).

Here, the County does not dispute that the tractor is used solely for the direct support of the members of the family. Accordingly, we hold that the tractor is exempt personalty under OCGA § 48-5-42 and cannot be taxed as agricultural equipment.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 4, 1998.

*Holland & Knight, R. Phillip Shinall III, Keith J. Reisman*, for appellants.

*Glover & Davis, Jerry A. Conner, Asa M. Powell, Jr.*, for appellees.

---

[1] This statute does not differ materially from OCGA § 48-5-42 and provides as follows: "All personal clothing, household and kitchen furniture, personal property used and included within the home, domestic animals and tools, and implements of trade of manual laborers, but not including motor vehicles, are exempt from all State, county municipal and school district ad valorem taxes, in an amount not to exceed $300 in actual value." Ga. Code Ann. § 92-239.

[2] Although the Attorney General's opinions are not binding on appellate courts, they may be considered as persuasive authority. *Campbell v. Poythress*, 216 Ga. App. 834, 835 (456 SE2d 110) (1995).