A99A1616. DEPARTMENT OF LABOR v. BALDWIN COUNTY HOSPITAL AUTHORITY et al.
A99A1617. BARRY v. BALDWIN COUNTY HOSPITAL AUTHORITY et al.
(526 SE2d 153)

ELLINGTON, Judge.

In January 1993, William Barry began employment as a "PRN," an on-call, as-needed nurse, at Oconee Regional Hospital. Barry filed a claim for unemployment compensation benefits in July 1997 which was denied by the claim examiner. Barry appealed that decision, and a hearing was held in September 1997. The hearing officer reversed the claim examiner's decision and awarded Barry benefits. The Board of Review, with one member dissenting, upheld that determination on appeal. In December 1997, the hospital appealed the board's decision to superior court. The court reversed the award of benefits. We granted applications for discretionary appeal of the Georgia Department of Labor and Barry to determine whether an as-needed nurse is entitled to unemployment benefits under Georgia's Employment Security Law. The cases have been consolidated for this opinion. For the following reasons, we affirm the denial of benefits.

The "any evidence" standard applies to our review of the Department of Labor's factual findings, though we review its legal conclusions. *Holstein v. North Chem. Co.,* 194 Ga. App. 546, 547-548 (3) (390 SE2d 910) (1990).

In order to qualify for unemployment benefits according to the Employment Security Act, an employee must be "unemployed." An individual is deemed unemployed "in any week during which the individual performs no services and with respect to which no wages are payable to him or her or in any week of less than full-time work if his or her deductible earnings do not equal or exceed his or her weekly benefit amount." OCGA § 34-8-47.

This Court has not interpreted the Employment Security Act as it relates to as-needed nurses, but has interpreted the Act in a case involving similar facts concerning substitute teachers in *Campbell v. Poythress,* 216 Ga. App. 834 (456 SE2d 110) (1995). The Court concluded that the award of benefits for deliberate part-time-only work would be contrary to the basic purpose of the law as stated in OCGA § 34-8-2, which is to enhance stable employment and lighten the burden of involuntary unemployment. Id. at 835. The individual who of

his own choice opts for part-time employment of a highly unstable nature would hardly appear to be involuntarily unemployed during the obviously contemplated intervals between calls. Id.

There are many similarities between this case and *Campbell*. Both cases involve an employee who was called only on an as-needed basis. There was no contractual duty on behalf of the employers to guarantee a certain number of hours, or any hours at all. There was no duty on behalf of the employee to work a certain number of hours. In both cases the employee could accept or reject the hours offered and accept work from another employer at his option. As in *Campbell*, the record in this case indicates that Barry did reject work hours.

The trial court determined that the rule of *Campbell* applied to the facts of this case. We agree. Barry voluntarily chose part-time, intermittent employment which allowed him to retain complete control over the number of hours that he worked at the hospital, if he chose to work at all. He cannot now claim that he is entitled to unemployment benefits during times when no work is offered. It would be contrary to the purpose of the Act as stated in OCGA § 34-8-2 to find Barry involuntarily unemployed.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 24, 1999 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Kimberly B. Lewis, Assistant Attorney General*, for appellant (case no. A99A1616).

*Howard G. Sokol, Phyllis J. Holmen, Lisa J. Krisher, Mary I. Dickerson*, for appellant (case no. A99A1617).

*Jones, Cork & Miller, William T. Prescott, W. Warren Plowden, Jr., W. Kerry Howell*, for appellees.