NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-436                                          Appeals Court


    CAPE COD COLLABORATIVE  vs.  DIRECTOR OF THE DEPARTMENT OF
            UNEMPLOYMENT ASSISTANCE & another.[1]


                        No. 15-P-436.

        Barnstable.    January 7, 2016. - May 4, 2017.

        Present:  Hanlon, Sullivan, & Maldonado, JJ.


Employment Security, Partial unemployment, Eligibility for
      benefits, School bus driver, Judicial review.



      Civil action commenced in the Barnstable Division of the
District Court Department on April 29, 2013.

      The case was heard by W. James O'Neill, J.


      David A. Guberman, Special Assistant Attorney General, for
the defendant.
      Kevin F. Bresnahan for the plaintiff.


      MALDONADO, J.  In this case, we consider whether Stephanie

Hennis, a full-time bus driver for the Cape Cod Collaborative

_____

      [1] Stephanie Hennis.

(collaborative),[2] is entitled to partial unemployment compensation benefits for the three days she did not work and was not paid during the week ending Saturday, November 24, 2012, which included the Thanksgiving recess. Because we conclude that G. L. c. 151A, § 28A(c), does not bar the payment of such benefits in the circumstances of this case, we reverse the judgment of the Barnstable Division of the District Court Department (District Court), which reached a contrary conclusion.

1. Statutory framework. We begin with a brief overview of the Unemployment Insurance Law, G. L. c. 151A, so as to put the underlying facts in context. The fundamental purpose of the statute is to "afford benefits to [individuals] who are out of work and unable to secure work through no fault of their own." Connolly v. Director of the Div. of Unemployment Assistance, 460 Mass. 24, 25 (2011), quoting from LeBeau v. Commissioner of the Dept. of Employment & Training, 422 Mass. 533, 538 (1996). We are required to construe G. L. c. 151A "liberally in aid of its purpose, which purpose is to lighten the burden which now falls

---

[2] The Cape Cod Collaborative is an education collaborative established by written agreement among the school committees of nineteen school districts on Cape Cod pursuant to G. L. c. 40, § 4E. It provides educational programs and services, including transportation, to the students of its member school districts. The parties have assumed that the collaborative falls within G. L. c. 151A, § 28A(d), thus bringing the case within the purview of § 28A(a)-(c).

on the unemployed worker and [her] family." G. L. c. 151A, § 74, as appearing in St. 1990, c. 177, § 340.

With respect to employees of educational organizations, however, the Legislature has carved out certain exceptions to the general availability of unemployment compensation benefits. As pertinent here, G. L. c. 151A, § 28A(c), as appearing in St. 1977, c. 720, § 29, provides that, with respect to services performed for an educational institution, "benefits shall not be paid to any individual on the basis of such services for any week commencing during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess" (emphasis added). A "week" is defined as "seven consecutive days beginning on Sunday." G. L. c. 151A, § 1(t), as appearing in St. 1941, c. 685, § 1.

2. Factual and procedural background. The essential facts of this case are not in dispute. Since April 27, 2009, Hennis has been employed by the collaborative as a school bus driver, transporting students to and from their educational programs. She typically works approximately forty-five hours per week, one shift in the morning and another shift in the afternoon, from

Monday through Friday. Under the terms of Hennis's employment, she did not receive holiday pay for time off when school was not in session.[3] In 2012, Thanksgiving was on Thursday, November 22. During that week of Thanksgiving, schools were closed on Wednesday, Thursday, and Friday. Consequently, Hennis worked only two days, for approximately fifteen hours. The collaborative did not pay her for the remaining three days when schools were closed, even though she was ready and available for work. Following the Thanksgiving recess, Hennis resumed her regular schedule as a school bus driver for the collaborative.

Not having been paid for the three days she did not work, Hennis filed an application for unemployment compensation benefits for the week ending Saturday, November 24, 2012. The Department of Unemployment Assistance (department) approved her claim, stating that Hennis was partially unemployed, see G. L. c. 151A, § 1(r)(1), and not subject to any statutory disqualification where the collaborative was unable to provide her a full-time schedule of work for the week ending November 24, 2012.

The collaborative appealed the determination and requested a hearing before a review examiner, at which its personnel

---

[3] The record does not include either Hennis's employment contract or the schedule that was given to employees at the beginning of the school year setting forth their hours and bus routes.

coordinator asserted that, pursuant to G. L. c. 151A, § 28A, employees of the collaborative were precluded from collecting unemployment compensation benefits during school vacations and any days not included in their contracts.  The review examiner affirmed the department's decision, finding that § 28A(c) did not preclude Hennis from collecting unemployment compensation benefits because she had worked Monday and Tuesday during the week ending November 24, 2012, and § 28A(c) bars claims only "for any week which begins during a vacation week" (emphasis supplied).  See G. L. c. 151A, § 1(t) (defining "Week" as "seven consecutive days beginning on Sunday"); G. L. c. 151A, § 28A(c) ("[B]enefits shall not be paid to any individual on the basis of . . . services for any week commencing during an established and customary vacation period or holiday recess" [emphasis supplied]).

Pursuant to G. L. c. 151A, § 1(r)(1), as appearing in St. 1976, c. 473, § 2, "an individual shall be deemed to be in partial unemployment if in any week of less than full-time weekly schedule of work [s]he has earned or has received aggregate remuneration in an amount which is less than the weekly benefit rate to which [s]he would be entitled if totally unemployed during said week; provided, however, that certain earnings as specified in [G. L. c. 151A, § 29(b),] shall be disregarded."  Having determined that Hennis was precluded from

receiving total unemployment benefits, the review examiner considered whether she had experienced a period of partial unemployment under the statute. Given that Hennis's gross earnings for this particular week were less than her weekly benefit rate plus her disregarded earnings, the review examiner determined that Hennis was partially unemployed during that week and, therefore, was eligible to receive partial unemployment compensation benefits pursuant to G. L. c. 151A, § 29(b).[4]

The collaborative appealed the review examiner's decision to the department's board of review (board) in accordance with G. L. c. 151A, § 40. The board denied the application for further review, thereby rendering the review examiner's decision the final decision of the board for purposes of judicial review. See G. L. c. 151A, § 41(c).

The collaborative then filed a complaint for judicial review in the District Court. Relying on G. L. c. 151A, § 28A(c), it alleged that, because Hennis performed services for the collaborative during the period immediately before the Thanksgiving recess, and had a reasonable assurance of performing services for the collaborative immediately following the Thanksgiving recess, she was not eligible to receive partial unemployment compensation benefits for the week ending November

---

[4] Hennis's gross earnings for the week ending November 24, 2012, were $293. Her weekly unemployment compensation benefit rate was $358, with disregarded earnings of $119.

24, 2012.[5] In the collaborative's view, the board erred when it determined that G. L. c. 151A, § 28A, was not applicable to the facts of this case.

Following a hearing, a judge of the District Court reversed the board's decision. He found that, because the day before and after Thanksgiving must be considered a customary vacation period or holiday recess, the language of § 28A(c) precluded Hennis from receiving unemployment compensation benefits. The judge stated that it should have been clear to Hennis that she would not be working over the Thanksgiving recess and, consequently, would not be getting paid for those days. Further, he continued, any suggestion that § 28A(c) was not applicable because the vacation period did not begin on Sunday of the relevant week would constitute a tortured interpretation of the statute.[6] The department filed the present appeal.

---

[5] See G. L. c. 151A, § 28A(c), providing in pertinent part:

"[B]enefits shall not be paid . . . if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess."

[6] A different judge allowed the department's motion for entry of judgment and ordered the entry of a final judgment, but none appears on the docket or in the record appendix. Nonetheless, it is clear that the parties reasonably considered the matter to be final and appealable, so we address the merits. See GTE Prods. Corp. v. Stewart, 421 Mass. 22, 24 n.3 (1995); Tech Plus, Inc. v. Ansel, 59 Mass. App. Ct. 12, 14 n.5 (2003).

3.  Standard of review.  Our review of the board's decision is governed by the standards set out in G. L. c. 30A, § 14(7).  See G. L. c. 151A, § 42.  The board's decision "may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Coverall N. America, Inc. v. Commissioner of the Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006).  We "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."  G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3.  However, where an agency determination is based on a question of law, we review the matter de novo.  See Raytheon Co. v. Director of the Div. of Employment Security, 364 Mass. 593, 595 (1974).

4.  Discussion.  The department contends that G. L. c. 151A, § 28A(c), does not disqualify Hennis from receiving unemployment compensation benefits for the week ending November 24, 2012, because the week commenced before, not during, the Thanksgiving recess.  We agree.

"It is a fundamental canon of statutory construction that 'statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.'"  Boston Hous.

Authy. v. <u>National Conference of Firemen & Oilers, Local 3</u>, 458 Mass. 155, 162 (2010), quoting from <u>Sullivan</u> v. <u>Brookline</u>, 435 Mass. 353, 360 (2001). Although "[t]he duty of statutory interpretation is for the courts . . . the details of legislative policy, not spelt out in the statute, may appropriately be determined, at least in the first instance, by an agency charged with administration of the statute." <u>Cleary</u> v. <u>Cardullo's, Inc</u>., 347 Mass. 337, 344 (1964). See <u>Attorney Gen</u>. v. <u>Commissioner of Ins</u>., 450 Mass. 311, 319 (2008). The party challenging an agency's interpretation of a statute has the burden of proving that such interpretation is unreasonable. See <u>ibid</u>.

The plain meaning of G. L. c. 151A, § 28A(<u>c</u>), precludes the payment of benefits for "any week <u>commencing</u> during an established and customary vacation period or holiday recess" (emphasis supplied). Hennis sought benefits for the week ending Saturday, November 24, 2012. Given that the week commenced on Sunday, November 18, that Hennis worked her regular hours on Monday and Tuesday, and that the Thanksgiving recess did not start until Wednesday, November 21, she is not precluded from receiving unemployment compensation benefits by the exclusion set forth in § 28A(<u>c</u>). Simply put, the week did not commence during a holiday recess where such recess did not begin until Wednesday. See, e.g., <u>North Penn Sch. Dist</u>. v. <u>Unemployment</u>

Compensation Bd. of Review, 662 A.2d 1161, 1163 (Pa. Commw. Ct. 1995) (State statute denying unemployment compensation benefits for any week which "commences during an established and customary vacation period or holiday recess" did not apply to school bus drivers who did not work for five days due to Monday holiday and snow emergency that closed school for subsequent four days because week began on Sunday, which was not vacation period).

Our interpretation of G. L. c. 151A, § 28A(c), is consistent with relevant Federal law. We note that "[a]ll federal-state cooperative unemployment insurance programs are financed in part by grants from the United States pursuant to the Social Security Act, 42 U.S.C. §§ 501-503. No grant may be made to a State for a fiscal year unless the Secretary of Labor certifies the amount to be paid, 42 U.S.C. § 502(a). The Secretary of Labor may not certify payment of federal funds unless [the Secretary] first finds that the State's program conforms to federal requirements." California Dept. of Human Resources Dev. v. Java, 402 U.S. 121, 125 (1971). See 42 U.S.C. § 503(a)(1) (2012) (State unemployment compensation law must, among other provisions, "insure full payment of unemployment compensation when due"). See also 26 U.S.C. § 3304(a) (2012) (listing requirements for State unemployment compensation law approval by Secretary of Labor under Federal Unemployment Tax

Act).  When the Legislature amended G. L. c. 151A in 1977 (including § 28A[c]), it did so for the purpose of providing that "the employment security law of the commonwealth shall conform with the federal employment security law."  St. 1977, c. 720, preamble.  Consequently, our interpretation of § 28A(c) should comport with Federal law, thereby ensuring the ongoing payment of Federal funds that underwrite the administration of the Massachusetts unemployment compensation system.  Cf. Rosen v. Rosen, 90 Mass. App. Ct. 677, 682-683 & nn.7-9 (2016) (G. L. c. 119A, §§ 1 et seq., enacted to maintain eligibility for certain Federal grants).

The language of G. L. c. 151A, § 28A(c), corresponds to 26 U.S.C. § 3304(a)(6)(A)(iii) (2012), which provides that with respect to services for an educational institution, "[unemployment] compensation payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess" (emphasis added).  In response to an inquiry from the department, the State Conformity

and Compliance Team of the United States Department of Labor

opined that

> "Federal law only permits the denial of a week[] which
> commences during an established and customary vacation
> period.  Benefits cannot be denied under the holiday
> provision unless the week of unemployment commences during
> the holiday recess.
>
> "If a Thanksgiving vacation began on a Thursday and
> continued through the following Tuesday, the holiday denial
> would not be applicable to the week that included the first
> two days of the vacation (since that week commenced on the
> Sunday prior to the vacation period, rather than during the
> vacation period)."[7]

This interpretation of Federal law is persuasive and supports

our construction of § 28A(c), particularly where the Legislature

specifically sought to conform the Massachusetts unemployment

compensation law to Federal law.  See generally Skidmore v.

Swift & Co., 323 U.S. 134, 140 (1944) ("rulings, interpretations

and opinions of the [responsible agency have] . . . power to

persuade, if lacking power to control"); School Comm. of

Wellesley v. Labor Relations Commn., 376 Mass. 112, 116 (1978).

---

[7] This informal opinion from the State Conformity and
Compliance Team is consistent with a response issued by the
Employment and Training Administration of the United States
Department of Labor to a question regarding "Draft Language and
Commentary to Implement the Unemployment Compensation Amendments
of 1976, P.L. 94-566," 90 Stat. 2667 (1976).  In its response,
the Department of Labor explained that a statutory provision
denying benefits to school employees during a vacation period or
holiday recess could not be applied with respect to a week that
included a vacation or holiday, but did not begin during a
vacation or holiday.

Given the clear and unambiguous language in other provisions of G. L. c. 151A, § 28A, the Legislature has determined that the unemployment compensation law is not intended to provide benefits for employees during a school vacation "week" beginning on a Sunday if there is a reasonable assurance of reemployment once the vacation period is over. Compare G. L. c. 151A, § 28A(b), as appearing in St. 1977, c. 720, § 29 (with respect to services performed for educational institution, "benefits shall not be paid on the basis of such services to any individual for any week commencing during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms").  However, it is also apparent from the plain language of § 28A(c) that the Legislature did not intend to prohibit the payment of unemployment compensation benefits to individuals such as Hennis, who experience a period of partial unemployment during a vacation period that covers only a portion of a "week," where the "week" did not commence during the vacation recess.  The Legislature has balanced competing concerns, and carved out a clear policy that comports with a Federal mandate.  Benefits are not provided for school vacations that cover a complete week as defined in the statute.

Other periods of partial unemployment may be covered, depending on the circumstances, as set forth in § 28A(c).[8]

We are required to construe § 28A(c) liberally, G. L. c. 151A, § 74, and are mindful of the fact that the fundamental purpose of G. L. c. 151A is "to provide temporary relief for those who are realistically compelled to leave work through no 'fault' of their own, whatever the source of the compulsion, personal or employer-initiated."  Raytheon Co. v. Director of the Div. of Employment Security, 364 Mass. at 596.  Accordingly,

---

[8] The collaborative argues for the first time on appeal that Mattapoisett v. Director of the Div. of Employment Security, 392 Mass. 546, 548-549 (1984), precludes Hennis's claim for benefits because she was not in "partial unemployment" under G. L. c. 151A, § 1(r)(1), during the week ending November 24, 2012. Because the collaborative did not raise this argument before the administrative agency, it is waived on appeal.  See Rivas v. Chelsea Hous. Authy., 464 Mass. 329, 336 (2013); Lincoln Pharmacy of Milford, Inc. v. Commissioner of the Div. of Unemployment Assistance, 74 Mass. App. Ct. 428, 436 (2009). Even if we were to consider the collaborative's argument, we are not persuaded that Mattapoisett is applicable to the present case.  There, the court concluded that "the Legislature did not intend a part-time [police officer] whose hours vary from week to week to be considered in partial unemployment for any week in which he does not work as many hours as a full-time employee." Mattapoisett, supra at 549.  Here, Hennis is a full-time bus driver whose eligibility for benefits during the Thanksgiving holiday is governed by a statutory provision applying to employees of educational institutions.  Construing the pertinent provisions of G. L. c. 151A, as a harmonious whole, see Commissioners of the Bristol County Mosquito Control Dist. v. State Reclamation & Mosquito Control Bd., 466 Mass. 523, 529 (2013), we are not of the view that, were Mattapoisett applicable to the facts of this case, it should be read to override either the explicit statutory scheme governing holiday pay for employees of educational institutions, or the Federal mandate with which this statutory scheme complies.

while we recognize that it may appear to be counterintuitive that Hennis should receive unemployment benefits here, notwithstanding that, under the terms of her employment, it was agreed she would not receive holiday pay for time off when school was not in session, we conclude that, applying the statutory scheme to the circumstances presented here, Hennis is entitled to partial unemployment compensation benefits for the days she was out of work during the week ending Saturday, November 24, 2012, which included the Thanksgiving recess.

5. <u>Conclusion</u>. The judgment of the District Court is reversed, and a new judgment shall enter affirming the decision of the board.

<u>So ordered</u>.