A01A0158. GEORGIA-PACIFIC CORPORATION v. IVEY.
A01A0230. THURMOND v. IVEY.
(549 SE2d 471)

JOHNSON, Presiding Judge.

In these unemployment compensation appeals, we decide whether an employer must comply with the procedures set forth in

---

the drug-free workplace program statutes (OCGA § 34-9-412 et seq.) in order to prove just cause for discharging an employee. We hold that an employee who violates his employer's anti-drug policy may be disqualified from receiving unemployment benefits, even though the employer has not met the statutory requirements for establishing a drug-free workplace program.

Georgia-Pacific Corporation had a policy prohibiting its employees from reporting for work while under the influence of drugs. The policy was included in Georgia-Pacific's employee handbook, a copy of which was given to Johnny Ivey, a saw operator for Georgia-Pacific. No written policy informed employees about random drug testing, though Georgia-Pacific had generally informed its employees that random drug testing would begin sometime in 1998.

When a July 1998 drug test given to all employees showed the presence of marijuana in Ivey's system, he was fired. Ivey did not deny that he had smoked marijuana. In fact, he admitted that he had smoked marijuana at home in June. Ivey's position was that his discharge was unjust, and he was therefore eligible for unemployment benefits, because Georgia-Pacific failed to give its employees proper notice of its drug testing policy.

Ivey applied for unemployment compensation benefits from the Georgia Department of Labor. His application was denied by a hearing officer, and that decision was affirmed by the agency's board of review. The superior court overturned the board's decision, ruling that Georgia-Pacific could not justify discharging Ivey based on a failed drug test because it had not complied with certain drug-free workplace program requirements. Georgia-Pacific appeals from that decision in Case No. A01A0158. Michael Thurmond, in his capacity as Commissioner of the Department of Labor, appeals in Case No. A01A0230. We reverse.

*Case No. A01A0158*

1. We agree with Georgia-Pacific's argument that the lower court erred in basing its decision to grant unemployment benefits on Georgia-Pacific's noncompliance with OCGA § 34-8-194 (2) (C) (i).

Whether a claimant is entitled to unemployment benefits is governed by Georgia's Employment Security Act. OCGA § 34-8-194 (2) (A) provides, in part, that an employee is disqualified if it is shown that the discharge was for failure to obey his employer's rules. Disqualification is an exception to the public policy favoring the payment of benefits to persons unemployed through no fault of their own, and the employer must show by a preponderance of the evi-

dence that disqualification is appropriate.[1]

OCGA § 34-8-194 (2) (C) (i) provides, in relevant part, that the employer's burden of proving just discharge is presumed met if the individual fails a drug test which is required by the employer's drug-free workplace policy, and the policy complies with the provisions of Article 11 of Chapter 9.[2]

OCGA § 34-9-412 provides that if an employer implements a drug-free workplace program substantially in accordance with OCGA § 34-9-413, the employer shall qualify for a premium discount under its workers' compensation insurance policy. OCGA § 34-9-412.1 specifies what an employer must do in order to be certified as having a drug-free workplace program. OCGA § 34-9-413 specifies the elements of a drug-free workplace program, e.g., written policy statement, substance abuse testing, and the provision of employee assistance resources. Under OCGA § 34-9-414, before conducting drug tests, an employer must, just once, give all employees a notice of testing, and give all employees a written policy containing certain specific information regarding the employer's policy on substance abuse. It is undisputed that Georgia-Pacific did not comply with the statutory guidelines for establishing a drug-free workplace program. However, we disagree with the superior court's holding that the drug-free workplace program requirements must be satisfied before a discharge can be justified based on a failed drug test.

First, the Employment Security Act clearly provides that an individual is ineligible to receive benefits if he was discharged for failure to obey his employer's orders, rules, or instructions.[3]

Second, it is clear from OCGA §§ 34-9-412 and 34-9-412.1 that compliance with OCGA § 34-9-413 is not mandatory except insofar as compliance entitles the employer to receive certain, specified rewards. One such reward is that the employer receives a discount on its workers' compensation premiums.[4] Another reward for compliance with the statute is the presumption created under OCGA § 34-8-194 (2) (C) (i) — that the discharge was justified. Other than these rewards for compliance, the statute sets forth no consequences for failing to adopt the procedures. Specifically, there is nothing in the statute indicating that an employer's noncompliance with OCGA § 34-9-413 renders a drug-based discharge unjust and the claimant eligible for unemployment benefits. A noncompliant employer simply receives no discount and continues to bear the burden of proving that

---

[1] *Barron v. Poythress*, 219 Ga. App. 775, 776 (466 SE2d 665) (1996).

[2] The relevant provisions of Article 11 are found in OCGA §§ 34-9-412; 34-9-412.1; 34-9-413; and 34-9-414.

[3] OCGA § 34-8-194 (2) (A).

[4] OCGA § 34-9-412.

the discharge was just. Thus, without the benefit of the presumption, the employer must prove that the employee violated its rules.

We hold, therefore, that the employer can justify a discharge based on a failed drug test, even if the employer has not implemented a certified drug-free workplace program.

2. We also agree with Georgia-Pacific's argument that the superior court erred in failing to hold that the decision of the administrative agency was supported by any evidence.

In this case, there was evidence that Georgia-Pacific had a policy against employees reporting for work while under the influence of drugs, that Ivey had a copy of the policy, that he smoked marijuana, and that he reported for work while marijuana was in his system. There being some evidence to support the administrative hearing officer's decision, as adopted by the board of review, the superior court erred in reversing the decision of the administrative agency.[5]

### Case No. A01A0230

3. Based on the foregoing, the judgment in this case is also reversed.

*Judgments reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 17, 2001 —
RECONSIDERATION DENIED JUNE 25, 2001.

*Troutman Sanders, Richard W. Gerakitis, Robert D. Howell, Thomas E. O'Connor, Jr.,* for appellant (case no. A01A0158).

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Kimberly B. Lewis, Assistant Attorney General,* for appellant (case no. A01A0230).

*Todd C. Hughes, Mary I. Dickerson, Lisa J. Krisher, Phyllis J. Holmen,* for appellee.

---

[5] See OCGA § 34-8-194 (2) (A); see generally *Stevedoring Svcs. of America v. Collins*, 247 Ga. App. 149-150 (1) (542 SE2d 134) (2001).