A02A0569. COOPER v. THE STATE.
(558 SE2d 786)

ELDRIDGE, Judge.

A Hall County jury found Michael Tony Cooper guilty of rape, which charge arose when Cooper attacked his daughter-in-law at Little River Park near Gainesville, forcing her to engage in sexual intercourse with him. Cooper appeals and, in his sole enumeration of error, claims the trial court erred in denying his extraordinary motion for new trial grounded on "newly discovered evidence," i.e., a letter allegedly authored by the victim post-trial and sent to Cooper in jail, wherein the victim allegedly informed Cooper that "I said what I did so Mitchell [defendant's son and the victim's husband] would stay at home with me." Finding no error in refusing to grant a new trial based on such evidence, we affirm.

The letter was hearsay and was inadmissible absent authentication. The victim categorically denied writing the letter, and there was no return address on the envelope. DNA analysis showed that saliva on the envelope did not belong to the victim. Fingerprint evidence did not show that the envelope was handled by the victim. While a handwriting expert hired by Cooper testified that the letter was "probably" written by the victim, a Georgia Bureau of Investigation handwriting expert testified that the letter was not authored by the victim. Furthermore, handwriting exemplars contained in the record show no similarity between the victim's handwriting and the writing on the letter. Finally, the author of the letter misspelled the victim's name when signing such in conclusion.

> Credibility as it relates to the admissibility of evidence is an issue for the trial court; a trial court's findings as to credibility will be upheld on appeal unless clearly erroneous. The trial court's implied finding that the foundation witness was [not] credible was not clearly erroneous.[1]

Absent a proper foundation authenticating the letter, the trial court did not err by refusing to grant Cooper a new trial based thereon.[2]
*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 11, 2002.

*H. Bradford Morris, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.

---

[1] (Citations and punctuation omitted.) *Wesley v. State*, 228 Ga. App. 342, 343 (1) (491 SE2d 824) (1997); *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995).

[2] *Sims v. State*, 195 Ga. App. 631, 632 (394 SE2d 422) (1990). See also *Black v. State*, 255 Ga. 668, 671 (4) (341 SE2d 436) (1986).