## A03A1113. JAMAL v. THURMOND et al.
### (587 SE2d 809)

ANDREWS, Presiding Judge.

Pursuant to the grant of his discretionary appeal application, Ali Jamal appeals the superior court's affirmation, on writ of certiorari, of the board of review's affirmation of denial of unemployment benefits by the Department of Labor.

> The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by *any evidence*. On appeal to this Court, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." [Cit.]

(Emphasis supplied.) *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997); see also *Norris v. Henry County*, 255 Ga. App. 718, 720 (2) (566 SE2d 428) (2002); *Forsyth County v. Childers*, 240 Ga. App. 819, 821 (2) (525 SE2d 390) (1999).

Here, the hearing officer concluded that Jamal "left an assignment for a variety of reasons, but he only told the employer about one of the reasons. The [petitioner] did not give the employer an opportunity to deal with all the things he felt were wrong with the assignment. The claimant violated company work rules by leaving the assignment, and disqualification is required."

For a little over a year, Jamal had worked for GPC Driving, Inc., a dispatch type company where the employer finds customers needing pickup or delivery services and dispatches drivers to the location to provide the services. On February 22, 2002, Jamal was dispatched to a customer to pick up items for ten different deliveries. When he arrived at the customer's business, he was given a map of the State of Georgia and some telephone numbers for customers at the stops. Jamal then called GPC to complain that he was not being given enough information and could not make the trip with the map he was given. Michelle Eno of GPC spoke to Jamal and then directly with the customer. Jamal testified that GPC often did not inform him of all the requirements of a job assignment and that he was tired of being manipulated. In addition to his problems with directions, Jamal said he was upset at having to use a lift gate type operation to

unload and so, that particular day, "I just said, well, this is enough." Jamal did not tell Eno about the lift gate problem. After speaking with the customer who said the map and numbers should be sufficient, Eno testified that she did not want to argue with Jamal, so she told him to go home and hung up without telling him he was being fired. She then dispatched another driver to the customer who completed the route without problems with the information provided.

On February 25, 2002, when Jamal called for another assignment, he was told he was fired. Eno testified that, in the paperwork given to drivers, it states that if a driver does not like an assignment they are to advise the company and "[w]e do ask that you do not walk off the assignment." Voluntarily leaving an assignment is grounds for termination.

1. Jamal's first and third enumerations are that the trial court's decision should be reversed because there was no proof he was warned he would be fired and that he should not have reasonably expected to be discharged for refusing the assignment. They are considered together.

> "Under (OCGA § 34-8-194 (2) (A)), an individual may be disqualified for unemployment compensation benefits where the individual has been discharged 'for failure to obey orders, rules, or instructions or for failure to discharge the duties for which he was employed. . . .' Before such disqualification is appropriate, the employer must show that the discharge was caused by the deliberate, conscious fault of the claimant. (Cits.)" *Tanner v. Golden*, 189 Ga. App. 894, 895 (377 SE2d 875) (1989). This is in keeping with the "strong public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own. OCGA § 34-8-2." *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818) (1984). Disqualification is an exception to the statutory scheme for unemployment benefits and the employer must show by a preponderance of the evidence that disqualification is appropriate. Id. at 113, 115; *Glover v. Scott*, 210 Ga. App. 25, 26 (435 SE2d 250) (1993).

(Emphasis omitted.) *Barron v. Poythress,* 219 Ga. App. 775, 776 (466 SE2d 665) (1996).

There is no requirement that a verbal warning be given before termination. *Millen,* supra. Here, there was evidence sufficient for the factfinder's determination that Jamal intended not to complete the assignment and that he should have been aware that such a refusal subjected him to termination. *Barron,* supra.

While Jamal argues, and GPC agreed, that Jamal had the right

to refuse an assignment, this is not the same thing as embarking on an assignment and balking at completing it, as occurred here. Because he had begun the work and then decided to refuse it cannot be considered reasonable when the employer was forced to find another driver to do it on short notice.

2. Jamal argues, in his second enumeration, that he was not "at fault" for his discharge. As set out above, however, there was evidence that, in addition to having problems with the directions, Jamal had had "enough" and refused to do his job. Neither the superior court nor this Court reweighs credibility determinations of the factfinder.

There being some evidence to support the administrative hearing officer's decision, as affirmed by the board of review, there was no error in the superior court's affirmance of that decision. *Ga.-Pacific Corp. v. Ivey*, 250 Ga. App. 181, 184 (2) (549 SE2d 471) (2001).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2003.

*Margaret L. Kinnear*, for appellant.
*Thurbert E. Baker, Attorney General, Kimberly B. Lewis, Assistant Attorney General*, for appellees.