## A03A2241. RICE v. BAKER et al.
### (592 SE2d 186)

BLACKBURN, Presiding Judge.

Acting pro se, Kimberley L. Rice appeals the trial court's order granting a motion to enforce settlement filed by Nathan Baker and Joyce Baker ("the Bakers"). As Rice has not properly raised any issue for our review, we affirm.

The record shows that Rice was injured in an automobile accident when a car she was driving collided with a car driven by Joyce Baker and owned by Nathan Baker. Rice hired counsel who filed suit against the Bakers in the Superior Court of Bartow County. By letter dated April 1, 2003, counsel for the Bakers made a settlement offer to Rice's counsel. Although the Bakers' offer was not accepted, counsel for the parties continued to negotiate and ultimately agreed to a settlement in the amount of $27,425. The Bakers' counsel prepared a general release of all claims and a dismissal with prejudice of the case and forwarded those documents, along with a check for $27,425, to Rice's counsel. Rice refused to sign the release and abide by the settlement. The Bakers filed a motion to enforce settlement on May 7, 2003. The trial court held a hearing on the motion on May 22, 2003. The trial court granted the motion to enforce settlement by order dated May 22, 2003. Rice now appeals this order, raising seven enumerations of error, all of which she has waived by: (1) failing to include a transcript on appeal and (2) failing to provide this Court with any citations to the record.

1. The record now before us contains no transcript of the hearing on the motion to enforce settlement, and Rice, in her notice of appeal, specifically indicated that no such transcript would be filed. It is well settled that

> [t]he burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

*Afraknteh v. Halstead.*[1] "Assertions of evidence in briefs or enumerations of error cannot satisfy this duty." (Punctuation omitted.) *Tahamtan v. Sawnee Elec. Membership Corp.*[2]

---

[1] *Afraknteh v. Halstead*, 259 Ga. App. 645, 646 (578 SE2d 126) (2003).

[2] *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997).

Far from satisfying her duty to provide evidence of error, the statements contained in Rice's

The record on appeal contains only Rice's complaint, the Bakers' answer, assorted discovery documents, the Bakers' motion to enforce settlement, and documents supporting the motion. The record does not contain any documents opposing the motion to enforce settlement or a transcript of the hearing on the motion. Rice has failed to provide this Court with a sufficient record on which to review her claims, and, as a result of this failure, we must affirm. *Afraknteh*, supra.

2. In addition, Rice has failed to support any of her enumerations of error with citations to the record as required by Court of Appeals Rule 27 (a) (1). As such, Rice has waived consideration of these enumerations. "It is not the function of this court to cull the record on behalf of a party in search of instances of error." (Punctuation omitted.) *Ga. Pipe Co. v. Lawler*.[3]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 15, 2003.

Kimberly L. Rice, *pro se*.
*Jenkins & Olsen, Jeffrey M. Hood*, for appellees.

---

brief show the trial court did not err. Rice's brief contains admissions that her counsel consulted her before accepting the settlement and that she approved the settlement.

[3] *Ga. Pipe Co. v. Lawler*, 262 Ga. App. 22, 28 (6) (584 SE2d 634) (2003).