A04A1578. UNIVERSAL MANAGEMENT CONCEPTS, INC.
v. NOFERI.
(605 SE2d 899)

RUFFIN, Presiding Judge.

Robert Noferi sued Universal Management Concepts, Inc. ("Universal") for failing to pay commissions due under a written employment contract. The dispute was submitted to binding arbitration, and the arbitrator issued an award, which was subsequently modified by the trial court. Universal filed a motion for reconsideration asking the

---

[4] (Punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250, 252 (1) (b) (510 SE2d 541) (1998).

[5] (Punctuation omitted.) Id.

[6] See id.

trial court to confirm the arbitrator's original award, and Noferi filed a cross-motion to confirm the modified award. The trial court granted Noferi's motion, and this appeal ensued. For reasons that follow, we affirm.

The relevant facts show that after Noferi filed suit, the parties agreed to submit the dispute to binding arbitration. Prior to arbitration, the parties entered a "Settlement Agreement," which provided that, notwithstanding the arbitrator's award, Noferi would receive no less than $250,000 and no more than $600,000 in damages ("high/low agreement"). The parties apparently decided not to reveal the existence of the high/low agreement to the arbitrator so that the agreement would not affect the arbitrator's decision. Finally, the parties agreed that the arbitrator's award would be paid in accordance with the following schedule: (1) $5,000 each month from January 2002 through June 2002; (2) $10,000 per month from July 2002 through December 2002; (3) the difference owed between $500,000 and the amount paid, in equal installments, from January 2003 through December 2003; and (4) the remaining amount owed (up to $600,000) in monthly installments from January 2004 through June 2004.

According to Universal, Noferi's attorney made improper arguments during the arbitration, inviting the arbitrator to issue an award that varied from the settlement agreement. Specifically, Universal contends that the attorney "unilaterally invited [the arbitrator] . . . to order a payout of the Award in two-week increments of $5,000.00." After a hearing, the arbitrator awarded a sum greater than $600,000, which the arbitrator specified would be paid biweekly in increments of $5,000.[1]

Apparently, Universal paid Noferi according to the schedule in the arbitrator's award rather than the settlement agreement. Thus, Noferi moved the trial court "to enforce [the] settlement agreement and modify [the] arbitrator's award" to conform with the settlement agreement. The trial court granted Noferi's motion. Noferi then moved to have the modified award confirmed, and Universal filed a cross-motion seeking to have the arbitrator's unmodified award confirmed. The trial court granted Noferi's motion, confirmed the modified award, and implicitly denied Universal's motion.

On appeal, Universal argues that the trial court erred in modifying the award, which it contends was not authorized by OCGA § 9-9-14.[2] Universal also asserts that Noferi waived his right to

[1] Although it is not entirely clear from the record, it appears that the award was reduced to $600,000 in keeping with the settlement agreement.

[2] Universal also cites OCGA § 9-9-13. As this Code section expressly applies to the vacation of an arbitrator's award, and the award in this case was modified rather than vacated, we do not address Universal's argument in this regard.

enforce the settlement agreement by inviting the arbitrator to issue an award contrary to the agreement. Finally, Universal maintains that equity demands that the trial court adhere to the arbitrator's award. We address each argument in turn.

1. " '[P]roceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration. Where no ground exists for vacating or modifying the award, it is the duty of the court to confirm it.' "[3] In reviewing a trial court's order confirming an arbitration award, this Court will affirm unless the trial court's ruling was clearly erroneous.[4]

Pursuant to OCGA § 9-9-14 (b), a trial court shall modify an arbitration award if the award: (1) contains a miscalculation of figures or a mistake in describing a person, thing, or property referred to in the award; (2) touches on a matter not before the arbitrator and the award may be modified without affecting the merits of the decision upon the issues submitted; and (3) "is imperfect in a manner of form, not affecting the merits of the controversy." Noferi contends that the award is imperfect in form because it does not conform to the settlement agreement, which set forth the parameters of any award.

Thus, the issue on appeal is whether the existence of the settlement contract renders the subsequent arbitrator's award imperfect in form. To address this issue, we first must determine whether the settlement contract is enforceable. As a general rule,

> parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears. Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish and the written contract defines the full extent of their rights and duties.[5]

Courts exercise extreme caution in declaring a contract void as against public policy and will only do so where the case is free from doubt and the injury to public interest is clearly apparent.[6]

---

[3] *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994).

[4] See id.

[5] (Citation and punctuation omitted.) *Intl. Biochemical Indus. v. Jamestown Mgmt. Corp.*, 262 Ga. App. 770, 773 (1) (586 SE2d 442) (2003).

[6] See *Colonial Properties Realty v. Lowder Constr. Co.*, 256 Ga. App. 106, 111-112 (4) (567 SE2d 389) (2002).

Here, we can find no reason to curtail enforcement of the settlement agreement. Indeed, the public policy of this State is to encourage settlement agreements in the hopes of avoiding — or in this case limiting — litigation.[7] In view of the existence of the binding settlement agreement setting forth the parameters of the award, we cannot say that the trial court clearly erred in modifying the award in accordance with OCGA § 9-9-14 (b) (3).[8]

2. Universal also contends that Noferi waived by estoppel his right to enforce the settlement agreement by inviting the arbitrator to issue an award outside the parameters of the agreement. However, it appears that the arbitration proceedings were not transcribed. And, to establish the allegedly improper course of conduct, Universal cites to its brief before the trial court to establish the alleged improper statements made by Noferi's counsel. Universal also cites: (1) a letter its corporate attorney wrote to Noferi's lawyer, which references what allegedly took place during closing arguments before the arbitrator; and (2) an e-mail, purportedly from the arbitrator, that stated, "[I] am hereby confirming that [I] do recall [Noferi's lawyer] arguing on closing that it would be [okay with Noferi] if the damages were to be paid out to him over time; I cannot say how much that argument influenced the final award."

It is axiomatic that the party alleging error bears the burden of establishing such error affirmatively by the record.[9] "[W]hen the burden is not met, the judgment complained of is assumed to be correct and must be affirmed."[10] Moreover, " '[a]ssertions of evidence in briefs or enumerations of error cannot satisfy this duty.' "[11] Accordingly, we are unable to consider Universal's citations to its trial brief as competent evidence. Similarly, we are unable to consider the letter and e-mail, which clearly constitute hearsay.[12] Under these circumstances, Universal's failure to provide a sufficient record to support its claim of error requires this Court to affirm.[13]

---

[7] See *Williams v. St. Paul Cos.*, 228 Ga. App. 656, 658 (492 SE2d 560) (1997).

[8] Cf. *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 755 (1) (531 SE2d 192) (2000) ("During arbitration proceedings, the general rules of contract construction apply. [Cit.] An arbitration award should be consistent with terms of the underlying agreement and reflect the 'essence' of that contract; it must not demonstrate an 'imperfect execution' of the arbitrator's authority.").

[9] See *Rice v. Baker*, 264 Ga. App. 704 (1) (592 SE2d 186) (2003).

[10] Id.

[11] Id.

[12] See *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 504-505 (3) (591 SE2d 374) (2003) (trial court erred in finding defendants entitled to judgment as a matter of law where supporting affidavit based upon hearsay).

[13] See *Rice*, supra at 705.

Even if the evidence were properly before this Court, we would nonetheless affirm. As a general rule, the law will not infer the waiver of an important contractual right unless such waiver is clear and unmistakable.[14] Furthermore,

> [t]o derive the benefit of an estoppel by waiver, he who asserts a waiver must show either that he has lost something or that the opposite party gained something by the act in question by reason of which it would be unjust to permit the beneficiary of the intervening act to assert his pre-existent rights.[15]

Here, we cannot say that any possible waiver by Noferi was clear and unmistakable. Moreover, as noted by Noferi, there is no evidence that any statement made by his attorney influenced the arbitrator. Thus, Universal cannot show that it lost something, or that Noferi gained something, by virtue of the attorney's argument before the arbitrator.[16]

3. Finally, Universal argues that, given the conduct of Noferi's attorney during arbitration, equity demands that the original arbitration award be confirmed. Again, however, Universal's failure to establish a sufficient record as to what transpired below precludes our consideration of this enumeration of error.[17]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED OCTOBER 28, 2004 — 

*Jeffrey W. Melcher*, for appellant.
*Bondurant, Mixson & Elmore, M. Jerome Elmore, Von A. DuBose*, for appellee.

---

[14] See *Croxton v. MSC Holding, Inc.*, 227 Ga. App. 179, 183 (3) (489 SE2d 77) (1997).

[15] (Punctuation omitted.) *Citizens &c. Equip. Leasing v. Atlanta Fed. S & L Assn.*, 144 Ga. App. 800, 804 (1) (243 SE2d 243) (1978).

[16] The case cited by Universal, *Sangster v. Dujinski*, 264 Ga. App. 213 (590 SE2d 202) (2003), does not require a different result. That case involved an attorney's repeated arguing before a jury facts not in evidence. Because of the harm suffered, this Court declared a mistrial was required. Id. at 217-218. Not only is *Sangster* factually inapposite, we also fail to see any harm Universal has suffered as a result of the statements allegedly made by Noferi's attorney.

[17] See *Rice*, supra.