A05A0369. VICKERS v. MEEKS et al.

(615 SE2d 158)

MIKELL, Judge.

Lonnie Vickers appeals the trial court's order granting the motion of Virginia Ann Meeks and Arthur Clay Meeks to enforce the settlement agreement reached by the parties in this boundary dispute. Vickers also contends that the trial court erred by relying on a particular survey to establish the property line between the two land lots at issue. We disagree and affirm.

This action originated when Virginia and Clay Meeks filed a complaint for a permanent injunction against Vickers, seeking to enjoin him from trespassing and cutting trees on a portion of their property. They contended that they were the owners of the property at issue as the sole heirs of Wilmer Glynn Meeks. In his answer, Vickers claimed that he and the other heirs of Spencer Kiritz were the rightful owners of the piece of property on which he cut trees.

Prior to trial, the parties reached a settlement agreement, which was submitted to the court on September 6, 2002. The agreement provided as follows:

> Counsel for the parties are authorized to select a Georgia Registered Land Surveyor to perform a survey of that certain Land Lot Line separating their properties in Land Lots 8 and 9 of the 19th Land District of Laurens County[,] Georgia, which said survey shall be in a form suitable for recordation, and shall further consist of the placement of appropriate monuments establishing the location of said Land Lot and Boundary Line, by which the parties agree to be bound.

It appears from the record that the parties selected Larry Jones to perform the survey. Jones completed the survey on March 7, 2003. The recordable plat by Jones was dated May 29, 2003, and was later revised on February 6, 2004. Vickers rejected the Jones survey, and Virginia and Arthur Meeks filed a motion to enforce the settlement agreement.

Following a hearing on April 14, 2004, the trial court granted the motion and incorporated the Jones survey into its order to establish the common land lot line between the Meeks and Vickers properties. The court issued a writ of possession to Virginia and Arthur Meeks based on the survey.

In his sole error enumerated on appeal, Vickers challenges the trial court's order granting the motion to enforce, arguing that the court erred in accepting the Jones survey because it was not legally

sufficient to establish the land lot line. "A trial court's order on a motion to enforce a settlement agreement is subject to de novo review, under the same standards applicable to a motion for summary judgment." (Footnote omitted.) *Carey v. Houston Oral Surgeons*, 265 Ga. App. 812, 817 (2) (595 SE2d 633) (2004).[1]

As a preliminary matter, we note that in its order, the trial court referred to the April 19, 2004, motion hearing and stated that it "received argument and evidence"; however, no transcript of that hearing is included in the record. "It is well settled that the burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and footnote omitted.) *Rice v. Baker*, 264 Ga. App. 704 (1) (592 SE2d 186) (2003). Thus, to the extent that there is any question regarding evidence presented at the hearing, we will assume that the trial court's order was supported by the evidence.

Vickers has failed to demonstrate that the trial court erred in incorporating the survey into its order and judgment. He contends that the Jones survey does not satisfy OCGA § 15-6-67 (b) (4), because the plat "did not have the necessary attestations to be relied upon by subsequent title examiners concerning closure, type of mechanism and deviation of error." Our examination of the plat reveals that it contains the signature and seal of the surveyor, the date of the plat, a revision date, and the equipment used. The survey was performed in order to determine the common land lot line of the two land lots at issue and therefore lists the closure as "N/C" or no closure, because it was not intended to be a boundary survey under OCGA § 15-6-67 (b) (4) (D). Furthermore, even assuming, arguendo, that the plat somehow failed to meet the technical requirements of OCGA § 15-6-67, its admissibility would not be affected. "Nothing in that Code section, which deals only with recordation of plats, refers to the admissibility of plats." *Purcell v. C. Goldstein & Sons*, 264 Ga. 443, 444 (1) (448 SE2d 174) (1994).[2]

The trial court describes the line between the two land lots with particularity in its order and orders Jones to place one concrete marker at the "POINT OF BEGINNING" of the land lot line and to place another marker at the point "located 930.41 feet [s]outh 45 degrees 17 minutes 32 west from said POINT OF BEGINNING." Contrary to Vickers's argument, it appears that the settlement

---

[1] Vickers failed to provide the appropriate standard of review in his appellate brief, in violation of Court of Appeals Rule 25 (a) (3).

[2] The appellees state in their brief that the survey has been recorded by the Clerk of the Superior Court of Laurens County; however, no proof of the recordation is contained in the record.

agreement and the trial court's order incorporating the Jones survey clearly establish the land lot line between the two properties. Finding no error, we affirm the trial court's grant of the motion to enforce the settlement agreement.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 16, 2005.

*Charles M. Johnson*, for appellant.
*Nelson, Gillis & Thomas, James M. Thomas*, for appellees.