A06A0685. SOLINET v. JOHNSON.
(633 SE2d 626)

RUFFIN, Chief Judge.

Solinet is a business which provides training courses for library staff. April Johnson was employed by Solinet as an administrative assistant. After Solinet terminated its employment of Johnson, she was denied unemployment benefits. Johnson appealed the denial twice before the Department of Labor ("DOL"), and in both instances the denial of benefits was affirmed. Johnson then appealed the DOL's decision to the superior court, which reversed. We granted Solinet's application for discretionary appeal. Because there was evidence to support the DOL's decision to deny benefits, we reverse.

Solinet offers its training classes both at the Solinet office and on-site at various libraries. When a training class was scheduled at a site other than the Solinet office, one of Johnson's duties was to issue parking passes for the site to attendees at least two weeks prior to the

---

start of the class. She had been reprimanded for failing to do this in a timely fashion and was eventually placed on probation, which ended August 26, 2004.

Solinet was contacted on November 5, 2004 by a person who had registered for a Solinet class to be held off-site at Southeastern Baptist Theological Seminary on November 8, 2004 and who had not received a parking pass. Johnson's supervisor, Erica Waller, testified that, when asked why no parking pass had been issued to this attendee, Johnson said that she must have forgotten. Johnson testified that she did not provide a parking pass to the particular attendee because she was told by her contact at the Seminary that passes were not required to park there. She admitted, however, that this information conflicted with information the Seminary provided in writing to Solinet, which stated that parking passes were required. She also admitted that she did not inform the attendee that no parking pass was required. Johnson was terminated on November 8, 2004.

At the hearing before a DOL officer, Johnson sought to introduce a letter from her contact at the Seminary explaining that "[w]e had never intended to send parking permits in advance. We were planning to give Visitor Parking permits to participants when they arrived." This letter was written on December 7, 2004, after Johnson was terminated. The hearing officer did not admit the letter, but permitted testimony about another document from the Seminary which indicated that parking passes were needed. This document was proffered by Johnson, however, rather than Solinet, and was not admitted into evidence.

After the hearing officer upheld the denial of benefits, Johnson appealed to the DOL board of review. The board of review affirmed the hearing officer's decision. The superior court reversed the DOL's denial of benefits to Johnson, holding that the DOL did not apply the correct standard in making its decision and that Johnson was denied due process because the hearing officer "lack[ed] . . . even-handedness." Solinet now appeals.[1]

On appeal, we will uphold the DOL's factual findings if there is any evidence to support them.[2] "[O]ur duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the . . . administrative agency."[3] A discharged employee may be denied unemployment benefits when

---

[1] Johnson did not file a brief in response to Solinet's appeal.

[2] See *Dept. of Labor v. Baldwin County Hosp. Auth.*, 241 Ga. App. 119 (526 SE2d 153) (1999).

[3] (Punctuation omitted.) *Jamal v. Thurmond*, 263 Ga. App. 320 (587 SE2d 809) (2003).

she "has been discharged for failure to obey orders, rules, or instructions or for failure to discharge the duties for which [she] was employed. Before such disqualification is appropriate, the employer must show that the discharge was caused by the deliberate, conscious fault of the claimant."[4]

The superior court concluded that Solinet failed to meet its burden of establishing that Johnson's behavior constituted "intentional neglect or deliberate fault." But in reaching that conclusion, the superior court weighed and evaluated the evidence itself, making its own credibility determinations, rather than merely determining whether the DOL's decision was supported by any evidence. This was improper. "Neither the superior court nor this Court reweighs credibility determinations of the factfinder."[5] Nor may either court "substitute its judgment on disputed issues of fact for that of the agency."[6]

There was evidence that Johnson had been repeatedly instructed to issue parking passes in accordance with Solinet's policy and had been informed that her failure to do so could result in her termination. She admits that she neither issued a parking pass to an attendee at a November 8, 2004 class nor informed her supervisor or the attendee that a pass was not needed. Whether Johnson's assertion that she did not believe she had violated Solinet's policy was credible was a determination for the hearing officer to make. Because there was some evidence to support the DOL's decision to deny benefits, the superior court erred in reversing the DOL's decision.[7]

The superior court also based its reversal of the DOL's decision on a finding that Johnson was denied due process in the DOL hearing, although Johnson never specifically raised this issue in her appeal. In its order, the superior court focused on the hearing officer's refusal to admit the December 7, 2004 letter from the Seminary employee, which supported Johnson's position that parking passes were not necessary, while permitting discussion of an earlier document from the Seminary stating that parking passes were required. But Johnson herself first referred to both documents, neither of which was admitted into evidence in accordance with the published rules of the DOL. Moreover, there was much discussion of the issue addressed in the December 7, 2004 document, although the document itself was not admitted.

Due process requires notice and an opportunity to be heard.[8]

---

[4] (Punctuation omitted.) Id. at 321 (1).

[5] Id. at 322 (2).

[6] *Ga. Bd. of Dentistry v. Pence*, 223 Ga. App. 603, 609 (7) (478 SE2d 437) (1996).

[7] See *Ga.-Pacific Corp. v. Ivey*, 250 Ga. App. 181, 184 (2) (549 SE2d 471) (2001).

[8] See *Cobb County School Dist. v. Barker*, 271 Ga. 35, 37 (2) (518 SE2d 126) (1999).

Neither the federal nor the state constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party has reasonable notice and opportunity to be heard, and to present its claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.[9]

Based upon our review of the hearing transcript, Johnson had both notice of the process and ample opportunity to present her arguments; accordingly, there was no denial of due process.[10]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 30, 2006.

*Irvin, Stanford & Kessler, E. Ray Stanford, Jr., Jeanne B. Hipes,* for appellant.

*Thurbert E. Baker, Attorney General, Kimberly B. Lewis, Assistant Attorney General,* for appellee.

---

[9] (Punctuation omitted.) Id.

[10] See generally *Ga. Real Estate Comm. v. Peavy,* 229 Ga. App. 201, 204 (493 SE2d 602) (1997) (in appeal of disciplinary action against real estate broker's license, superior court erred in reversing hearing officer's decision where transcript did not show alleged refusal of hearing officer to allow broker to present a complete defense).