A09A2076. MCG HEALTH, INC. v. WHITFIELD et al.
(690 SE2d 659)

SMITH, Presiding Judge.

When Frank Whitfield was discharged from his position as a mental health technician for MCG Health, Inc. (MCG), he applied for unemployment benefits. An administrative hearing officer (AHO) with the Georgia Department of Labor (the department) found that Whitfield did not qualify for benefits because he was discharged for displaying inappropriate behavior toward a patient. The department's board of review upheld the decision of the AHO, but the superior court reversed, finding that there was no competent evidence that Whitfield violated MCG procedure. MCG appeals following this court's grant of its application for discretionary review. Because there was evidence to support the department's denial of benefits, we reverse.

In considering whether the administrative tribunal properly found that Whitfield was not entitled to receive unemployment benefits, the trial court, as well as this court, must affirm if there is any evidence to support that ruling. *Miller Brewing Co. v. Carlson*, 162 Ga. App. 94, 95 (290 SE2d 200) (1982). And we will uphold the department's factual findings if there is any evidence to support them. *Solinet v. Johnson*, 280 Ga. App. 227, 228 (633 SE2d 626) (2006).

Under OCGA § 34-8-194 (2) (A), an individual may be disqualified from receiving unemployment compensation benefits when he or she has been discharged "for failure to obey orders, rules, or instructions or for failure to discharge the duties for which the individual was employed. . . ." But

> [b]efore such disqualification is appropriate, the employer must show that the discharge was caused by the deliberate, conscious fault of the claimant. This is in keeping with the strong public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own. OCGA § 34-8-2. Disqualification is an exception to the statutory scheme for unemployment benefits and the employer must show by a preponderance of the evidence that disqualification is appropriate.

(Citations and punctuation omitted.) *Jamal v. Thurmond*, 263 Ga. App. 320, 321 (1) (587 SE2d 809) (2003).

Following a hearing, the AHO found that Whitfield struggled with a combative seven-year-old patient to get him into a quiet room. Once Whitfield put the child into the room, the child attempted to leave. Whitfield then "pushed the patient, causing the child to fall to the floor on his bottom. The patient leaned backwards and hit his head against a wall." The AHO found further that Whitfield "had participated and received a manual on nonviolent crisis intervention. The claimant's action was not listed in the manual as acceptable conduct when dealing with combative patients." The AHO concluded that Whitfield was at fault in causing his dismissal by displaying inappropriate behavior toward a patient, and that he therefore was not qualified to receive unemployment benefits.

Whitfield appealed to the board of review, which affirmed the decision of the AHO. Whitfield then appealed to the superior court. Following a hearing, the trial court ruled that "there is no finding that merely pushing a child back into a room to restrict him could be a willful or deliberate violation of the subject rule which prohibited 'inappropriate behavior' toward the patient." The court concluded that "although the Hearing Officer noted that there was nothing in the manual of nonviolent crisis intervention that says such action would be appropriate, this court notes that there is nothing in this manual to indicate that it would not be appropriate." The court reversed the board of review's affirmance of the AHO's decision, and ordered that Whitfield be paid unemployment compensation.

Testimony was presented to the AHO that Whitfield's actions violated MCG's policy, and that less than a year earlier, Whitfield had been reprimanded for "using a non-therapeutic . . . method of placing

a patient in seclusion." Although the trial court found that there was nothing in the nonviolent crises intervention manual indicating that Whtifield's actions were inappropriate, we have held that it is improper for the trial court to weigh and evaluate the evidence itself. *Solinet*, supra, 280 Ga. App. at 229. And neither this court nor the trial court may "substitute its judgment on disputed issues of fact for that of the agency." (Citation, punctuation and footnote omitted) Id.

Because there was some evidence to support the AHO's findings and the conclusion that Whitfield failed "to obey orders, rules, or instructions," the trial court erred in reversing the board of review's affirmance of that decision.[1] See id.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED JANUARY 28, 2010 —
RECONSIDERATION DENIED FEBRUARY 18, 2010.

*Hull & Barrett, James S. V. Weston*, for appellant.
*Thurbert E. Baker, Attorney General, Kimberly B. Lewis, Assistant Attorney General, John M. Brown*, for appellees.

---

[1] Whitfield cites *Skinner v. Thurmond*, 294 Ga. App. 466 (669 SE2d 457) (2008) (physical precedent only), in support of his argument that there was no evidence presented that he deliberately violated a rule. But that case is not binding precedent under Court of Appeals Rule 33 (a) because one judge concurred in the judgment only. In any case, the facts of *Skinner* are distinguishable from the facts presented here, because in *Skinner*, there was no evidence to support the finding that the claimant intentionally failed or consciously neglected to perform his duties. Id. at 468-469 ("no evidence contrary to Skinner's contention that the problems occurred because of unqualified subcontractors despite his best efforts").