**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 31, 2013**

# In the Court of Appeals of Georgia

A12A2502. ROBINSON v. BUTLER et al.

DILLARD, Judge.

In this discretionary appeal, Harriet Robinson challenges the superior court's decision to affirm the Georgia Department of Labor's ("the Department") denial of unemployment benefits after Robinson's discharge from Grady Memorial Hospital for violating an employment policy. She argues, *inter alia*, that it was error to consider inadmissible hearsay (*i.e.*, an e-mail), which was the sole evidence against her. We agree and reverse.

The record reflects that Robinson was employed with Grady Memorial Hospital ("Grady") as a peer-support specialist who dealt with mentally ill and/or mentally disabled patients from March 2008 until November 2009. She worked with these

patients in a room that contained approximately ten computers that were to be used by members of the peer center, as well as Robinson's personal work computer.

The incident resulting in Robinson's termination first came to light in November 2009 after a Grady patient e-mailed her supervisor, noting that he had received a disturbing e-mail—containing a link to a pornographic website—from Robinson's personal e-mail address in June 2009.[1] The November 2009 e-mail from the patient to the supervisor attached the June 2009 e-mail allegedly sent by Robinson.

From there, an investigation ensued and Robinson was asked to provide a written statement, which acknowledged that she accessed her personal e-mail while at work on the day in question and that the e-mail's timestamp indicated that the message was sent during a scheduled break. But she did not admit to sending the e-mail, contending that "if" the e-mail was sent, it was in error, and indicating that she previously asked patients to stay away from her computer. Robinson was ultimately terminated for sending a pornographic e-mail to the patient.

_____

[1] Due to privacy concerns, the patient's name and gender were not revealed during the course of the proceedings below, but we refer to the patient as "he" for simplicity's sake.

A claims examiner from the Department later concluded that Robinson was eligible to receive unemployment benefits, but Grady appealed this decision and requested that a hearing officer determine whether Robinson was so entitled. A telephone hearing was thereafter conducted, and the hearing officer ruled that Robinson was not entitled to benefits. But that decision was then appealed to the superior court, which remanded the case for a *de novo* hearing after determining that Robinson's due-process rights were violated during the first hearing.

At the second hearing, Robinson testified that she did not send the pornographic e-mail to the patient and that her written statement to the supervisor clarified that if the e-mail was sent, it was sent in error. Robinson was adamant that the e-mail was not intentionally sent to the patient, although her testimony shed little light on how the e-mail was potentially sent in error. Nevertheless, the Department once again determined that Robinson was disqualified from receiving benefits. And after an appeal by Robinson, the Department of Labor Board of Review upheld the denial of benefits. The superior court affirmed this decision, and we granted Robinson's application for a discretionary appeal.

At the outset, we note that in considering whether the administrative tribunal properly found that Robinson was not entitled to receive unemployment benefits, "the

3

trial court, as well as this court, must affirm if there is any evidence to support that ruling."[2] An individual may be disqualified from receiving unemployment benefits when he or she has been "discharged for failure to obey orders, rules, or instructions or for failure to discharge the duties for which the individual was employed."[3] But before disqualification is appropriate, "the employer must show that the discharge was caused by the deliberate, conscious fault of the claimant."[4] This is consistent with the "strong public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own."[5] Indeed, disqualification from benefits is "an exception to the statutory scheme for unemployment benefits and the employer must show by a preponderance of the evidence that disqualification is appropriate."[6]

---

[2] *MCG Health, Inc. v. Whitfield*, 302 Ga. App. 408, 408 (690 SE2d 659) (2010); *see also Jamal v. Thurmond*, 263 Ga. App. 320, 320 (587 SE2d 809) (2003) ("On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." (punctuation omitted)).

[3] *MCG Health*, 302 Ga. App. at 409 (punctuation omitted); *see also* OCGA § 34-8-194 (2) (A); *Jamal*, 263 Ga. App. at 321 (1).

[4] *Jamal*, 263 Ga. App. at 321 (1) (punctuation omitted); *see also MCG Health*, 302 Ga. App. at 409.

[5] *MCG Health*, 302 Ga. App. at 409 (punctuation omitted).

[6] *Id.* (punctuation omitted).

With these guiding principles in mind, we turn now to the pertinent enumeration of error raised by Robinson on appeal.

1. As noted *supra*, Robinson contends that the only evidence demonstrating that she violated a Grady employment policy—*i.e.*, by using her personal e-mail to send pornographic content to a patient—came in the form of inadmissible hearsay.[7] We agree.

At the administrative hearing, Robinson denied sending the e-mail, and the only evidence of her alleged infraction came by way of communications from the patient to Robinson's supervisor. The patient himself did not testify. Instead, the supervisor testified as to the content of her communications with the patient, and the e-mail thread between the patient and supervisor, which contained an attachment of the pornographic content sent from Robinson's personal e-mail address to the patient, was then tendered into evidence.

---

[7] *See* OCGA § 24-3-1(b) ("Hearsay evidence is admitted only in specified cases from necessity.").

The foregoing clearly constituted inadmissible hearsay,[8] and it is well settled that inadmissible hearsay is "not competent evidence and is without probative value to establish any fact."[9] Indeed, inadmissible hearsay is "not competent to prove a violation of an employer's policies or rules sufficient to disqualify the employee for benefits."[10] And here, Robinson's supervisor testified that Robinson was terminated because "she violated the Grady policy as far as going on her email at work and sending . . . inappropriate . . . websites to a member." But the only evidence of this violation came by way of the patient's e-mail, which was inadmissible hearsay.[11] Accordingly, the decision of the Board cannot be sustained, and because the superior

---

[8] *Universal Mgmt. Concepts, Inc. v. Noferi*, 270 Ga. App. 212, 215 (2) (605 SE2d 899) (2004) ("[W]e are unable to consider the letter and e-mail, which clearly constitute [inadmissible] hearsay."); *see also Cooper v. State*, 253 Ga. App. 242, 243 (558 SE2d 786) (2002) (holding that letter constituted hearsay and was inadmissible absent authentication). *Cf. Hollie v. State*, 298 Ga. App. 1, 3 (1) (679 SE2d 47) (2009) ("[The witness] testified that she did not write nor did she recognize the document at issue. [The defendant] did not offer any evidence in an attempt to satisfy his burden of proof to establish a prima facie case of genuineness, other than having [the witness] testify to her e-mail address. Though the e-mail transmission in question appears to have come from P.M.'s e-mail address, this alone does not prove its genuineness.").

[9] *Teal v. Thurmond*, 310 Ga. App. 312, 313 (713 SE2d 436) (2011).

[10] *Id.* at 314.

[11] *See supra* note 8.

6

court below should have overturned the Board's decision, we reverse the judgment below.

2. Robinson argues in the alternative that (1) even if the e-mail was admissible, it was nevertheless error to find evidence of deliberate intent to violate a Grady employment policy, and (2) the Department failed to consider all relevant questions of law in determining that she should be disqualified from receiving benefits. But because we agree that the sole evidence against Robinson amounted to inadmissible hearsay, we need not address these arguments.

*Judgment reversed. Ellington, C. J., and Phipps, P. J., concur.*